United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMBERTO MARTINEZ, et al., <br> Plaintiffs, <br> v. <br> CITY OF PITTSBURG, et al., <br> Defendants. | Case No. 17-cv-04246-RS <br><br> **ORDER GRANTING MOTION TO STAY AND DENYING MOTION TO CERTIFY APPEAL AS FRIVOLOUS** |

## I. INTRODUCTION

This action arises from the death of Humberto Martinez during an arrest by the City of Pittsburg Police Department ("PPD"). Martinez's family members subsequently filed suit, both individually and on behalf of the decedent, against the City of Pittsburg; Chief of Police Brian Addington, in both his individual and official capacities; several PPD officers;[1] and Does 1-10 (collectively, the "Pittsburg Defendants" or "Defendants"). The complaint alleges violations of the First, Fourth, and Fourteenth Amendments and advances state law claims for negligence, battery, and violation of the Bane Act, Cal. Civ. Code § 52.1.

On March 8, 2019, the Pittsburg Defendants' motion for summary judgment was granted with respect to the First and Fourteenth Amendment theories for relief. The summary judgement motion was denied with respect to Plaintiffs' state law claims and their Fourth Amendment claim

---

[1] The defendant officers are Patrick Berhan, Jonathan Elmore, Willie Glasper, Ernesto Mejia, Gabriel Palma, and Jason Waite.

1   for excessive use of force. Defendants timely filed a Notice of Appeal challenging the denial of
2   qualified immunity with respect to the six defendant officers' alleged use of excessive force.
3   Plaintiffs now move to certify that appeal as frivolous so that all claims may proceed to trial.
4   Defendants oppose this motion and seek to stay the entire proceeding pending appellate review of
5   the denial of qualified immunity. For the reasons set forth below, the motion to stay is granted and
6   the motion to certify the appeal as frivolous is denied.

## II. BACKGROUND

The factual background of this case is set forth in the Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment, issued on March 8, 2019, and need not be revisited here.

## III. DISCUSSION

### A. Motion to Certify Qualified Immunity Appeal as Frivolous

In general, a district court's denial of qualified immunity is immediately appealable. *Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985). Such an appeal normally "divests the district court of jurisdiction to proceed with trial" on the issues involved in the appeal. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). Under appropriate circumstances, however, a district court may certify an appeal as frivolous and proceed to trial. *Padgett v. Wright*, 587 F.3d 983, 985 (9th Cir. 2009) (per curiam). A "frivolous qualified immunity claim is one that is unfounded, 'so baseless that it does not invoke appellate jurisdiction.'" *Marks v. Clarke*, 102 F.3d 1012, 1017 n.8 (9th Cir. 1996) (quoting *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989)).

Plaintiffs advance three arguments why Defendants' appeal should be certified as frivolous: (1) because a municipality such as the City of Pittsburg can never benefit from qualified immunity, (2) because the defendant officers' appeal rests upon disputed issues of fact, and (3) because there can be no reasonable dispute that the defendant officers violated clearly established law. The first argument is easily dispatched. The Defendants' Notice of Appeal clearly states that the basis of the appeal is denial of qualified immunity for the six defendant police officers—not the City of Pittsburg. Therefore, the fact that a municipality cannot receive qualified immunity is

irrelevant. Plaintiffs' second argument is similarly unavailing. The Pittsburg Defendants challenge whether, *viewing the evidence in the light most favorable to Plaintiffs*, the officers' conduct violated clearly established law. The mere presence of disputed facts—without more—does not render such an appeal frivolous. *See Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 945 (9th Cir. 2017); *Ames v. King Cty.*, 846 F.3d 340, 347 (9th Cir. 2017).

Plaintiffs third argument fails as well. While the issue of qualified immunity does not present a particularly close question in this case, Defendants' arguments cannot be fairly described as "baseless" or wholly without merit. *Marks*, 102 F.3d at 1017. Defendants intend to challenge the treatment of all six officers as integral participants, arguing that each officer was entitled to a separate qualified immunity analysis. They candidly admit, however, that the strength of each defendant officers' qualified immunity defense varies depending on each officer's degree of involvement in the struggle. Although it appears unlikely Defendants will prevail on appeal, their legal arguments are substantial enough to justify interlocutory review. Accordingly, the motion to certify Defendants' appeal as frivolous is denied. Plaintiffs' fourth amendment claim against the six defendant officers is therefore automatically stayed pending interlocutory review. The question whether to stay the remaining claims in this action, however, requires a separate analysis.

**B. Motion to Stay**

As previously discussed, the Pittsburg Defendants seek to stay all claims in this action, not just those that are currently on appeal. The power to stay is "incidental to the power inherent in every court to control the disposition of the cases on its docket." *Mann v. City of Sacramento*, Civ. No. 17-1201, 2018 U.S. Dist. LEXIS 9077, at *1-2 ( E.D. Cal. 2018) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Moreover, the decision whether to grant a stay is "an exercise of judicial discretion," and depends "upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quotation omitted). In determining whether to stay a pending proceeding, courts weigh all relevant "competing interests." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). Among these interests are "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to

go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.*

The circumstances of this action favor a stay of all claims, not only those pending before the Ninth Circuit. Declining to stay this action would mean that the six defendant officers would likely have to defend two separate trials related to the exact same conduct. This would clearly prejudice the defendant officers and result in a tremendous waste of judicial resources. Furthermore, given the substantial overlap between the claims in this action, proceeding with two separate trials could result in conflicting jury verdicts. While it is true that staying this case will delay to some extent the resolution of Plaintiffs' claims, this interest is ultimately outweighed by the likely waste of judicial resources and prejudice to Defendants of trying these highly interrelated claims separately. Therefore, as an exercise of discretion, the motion to stay is hereby granted.

## IV. CONCLUSION

For the reasons discussed above, this action is hereby stayed pending appellate review of the denial of qualified immunity. The parties shall submit joint status updates every six months for the duration of the appeal and shall submit an additional update within 10 days of the Ninth Circuit's resolution of this matter.

**IT IS SO ORDERED**.

Dated: April 4, 2019

RICHARD SEEBORG
United States District Judge